COREY E. KRUEGER, State Bar No. 244989
ARMIJO & GARCIA
555 S. Flower Street, Suite 600
Los Angeles, California 90071
(213) 612-5335
(213) 612-5712
Corey.Krueger@armijogarcialaw.com

Attorneys for Defendant
ABC Bus Companies, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS B. MACIAS, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES, a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**[Removal from Superior Court of California, County of Orange Case No. 30-2021-01194249-CU-WT-CJC]**<br><br>**DEFENDANT ABC BUS COMPANIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF ANNE M. ARCHAMBAULT AND COREY E. KRUEGER**<br><br>**[Filed concurrently with Request for Judicial Notice]**<br><br>**(DIVERSITY JURISDICTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that DEFENDANT ABC BUS COMPANIES, INC. (hereinafter "Defendant") hereby removes to this Court the state court action described below.

///

PLEASE TAKE FURTHER NOTICE that a Notice of Removal of Action to Federal Court, along with a true and correct copy of this Notice of Removal, is being served on counsel for Plaintiff JESUS B. MACIAS, ("Plaintiff") and filed concurrently with the Clerk of the Superior Court of the State of California, in and for the County of Orange.

1.     On April 6, 2021, Plaintiff filed an action in the Superior Court of the State of California in and for the County of Los Angeles entitled, JESUS B. MACIAS *v.* ABC BUS COMPANIES, INC.*, et al.,* Case No. 30-2021-01194249-CU-WT-CJC. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing of Case Management Conference are attached hereto as Exhibit "A."

2.     On April 9, 2021 the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing of Case Management Conference were personally served on Defendant's agent for service of process. A true and correct copy of the Proof of Service of Summons on Defendant is attached hereto as Exhibit "B."

3.     Defendant filed an Answer in this action in the Superior Court of the State of California in and for the County of Orange, on May 7, 2021.  A true and correct copy of the Answer is attached hereto as Exhibit "C."

4.     This Notice of Removal is timely because it is filed within thirty (30) days of receipt of the Complaint by Defendant.  28 U.S.C. § 1446(b).

5.     Based on the allegations contained in the Complaint (¶3), Defendant is informed and believes that Plaintiff was, at the time of filing this action, and is currently, a resident of the State of California, County of Los Angeles.

6.     Defendant was at the time of the allegations, when this action was filed, and is currently, incorporated in the State of Minnesota, with its principal place of business in Faribault, Minnesota.

///

///

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

7.     Defendant is informed and believes that none of the purported Doe Defendants have been served by Plaintiff with the Summons, Complaint, and/or related documents.

8.     The Summons, Complaint, and Defendant's Answer (Exhibits "A" through "C") constitute all of the process, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

9.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between the citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The action may properly be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because:

a.  At the time of actions alleged in the Complaint, the commencement of this action, and at all times since, Defendant was, and continues to be, a corporation under the laws of the State of Minnesota with its principal place of business in Faribault, Minnesota. (Declaration of Anne M. Archambault "Archambault Decl.", ¶¶ 4, 8, 9.) Thus, Defendant is not a citizen of the State of California.

b.  Defendant is informed and believes and thereon alleges that at the time of the commencement of this action and at all times since, Plaintiff was, and continues to be, a citizen of the State of California.  (See Complaint ¶3.)

c.  Although unidentified fictitious "Doe" Defendants are alleged in the Complaint, 28 U.S.C. § 1441(a) provides, in pertinent part, that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

d.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs,

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

exceeds the sum of $75,000.  Based on the allegations of the Complaint, including claims for: Sexual Harassment; Discrimination; Retaliation; Failure to Prevent Sexual Harassment, Discrimination, and Retaliation; Intentional Infliction of Emotional Distress; and Wrongful Termination in Violation of Public Policy; Plaintiff seeks recovery for compensatory and general damages (both to the present and into the future) - an amount estimated to be no less than $75,000 given the amount of Plaintiff's compensation at the time he was terminated. Additionally, the Complaint alleges entitlement to *punitive damages* (Complaint ¶¶ 78, 90, 103, 116, 125, 135, and prayer for relief no. 3); therefore, the amount in controversy clearly exceeds $75,000.

    e.  The documents submitted herewith comply with the requirements of 28 U.S.C. §1446.

    10.  For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441(b) and 1446.

DATED: May 7, 2021                    ARMIJO & GARCIA



By: _____
        COREY E. KRUEGER
        Attorney for Defendant,
        ABC BUS COMPANIES, INC.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.   *INTRODUCTION*

Plaintiff JESUS B. MACIAS,'s Complaint alleges the following six causes of action: (1) Sexual Harassment, (2) Discrimination, (3) Retaliation, (4) Failure to Prevent Sexual Harassment, Discrimination, and Retaliation, (5) Intentional Infliction of Emotional Distress, and (6) Wrongful Termination in Violation of Public Policy.

ABC is a leader in motorcoach and transit equipment sales and service. Regarding this matter, Plaintiff was hired as a Painter at an hourly rate of $26.00. (Archambault Decl. ¶ 6.) The work Plaintiff performed took place at ABC's location in California.

In 2020, Plaintiff's last full year of employment, his gross earnings at ABC amounted to $50,648.49. (Archambault Decl. ¶ 7.) At the time plaintiff was separated from ABC in 2021, his hourly rate was $26.00. (Archambault Decl. ¶ 7.)

The crux of Plaintiff's Complaint is that he was sexually harassed, that his complaints went unheeded for a lengthy period of time, and that after action was eventually taken on his complaints, he was retaliated against.

### II.   *DEFENDANT HAS REMOVED THIS ACTION IN A TIMELY MANNER.*

The Summons and Complaint were filed by Plaintiff on April 6, 2021. The Summons, Complaint and related documents were served on Defendant on April 9, 2021. Removal of an action is to occur "within thirty days after the receipt" of the Summons and Complaint.   28 U.S.C. §1446(b).    See also, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (the thirty day period to remove commences with formal service on the defendant).

In the present case, Defendant ABC has removed the Superior Court Action within 30 days of service of the Summons, Complaint, and related documents.

///

///

### III.   *PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON DIVERSITY JURISDICTION.*

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b) and in conformance with 28 U.S.C. §1446.

### A.   *There is Complete Diversity Between Plaintiff and Defendant ABC.*

#### 1.   *Citizenship of Defendant*

A corporation is considered a "citizen" for diversity purposes both of the state of its incorporation, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Both at the commencement of this action and at the present time, Defendant is and was incorporated in the State of Minnesota and has its principal place of business in Faribault, Minnesota.  (Archambault Decl. ¶¶ 4, 8, 9.)

A corporation's "principal place of business" for diversity purposes is:

> [W]here a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

ABC employs approximately 310 employees nationwide and there are 97 employees in California. (Archambault Decl. ¶ 5.) ABC's primary operations and strategic decision-making capabilities originate from its corporate headquarters in

Faribault, Minnesota. (Archambault Decl. ¶ 9.) ABC's Chief Executive Officer is located in and works out of Winter Garden, Florida. (Archambault Decl. ¶ 8.)

### 2. *Citizenship of Plaintiff*

As set forth above, Plaintiff's citizenship for diversity purposes is determined by her state of domicile. *Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088, 1090 (9th Cir. 1983). Here, Defendant ABC is informed and believes that Plaintiff is a resident of California. (See, Complaint ¶ 3.) Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

### B. *The Amount in Controversy Exceeds $75,000*

In addition to there being complete diversity of citizenship, the amount in controversy exceeds $75,000, exclusive of costs and interest.

In 2020, the last full year of his employment, Plaintiff's gross annual earnings at ABC totaled $50,648.49. (Archambault Decl. ¶ 7.) Plaintiff's Complaint prays for general and compensatory damages, punitive damages, and attorney's fees; these amounts will not be less than $75,000.

A defendant is permitted to introduce evidence of analogous jury verdicts in establishing that the amount in controversy exceeds $75,000. *Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1033. (*See,* Request for Judicial Notice for analogous employment discrimination case jury verdicts, judgments and settlements.)

It is noteworthy that in *Simmons* the court found the jurisdictional minimum satisfied where the wage loss at time of removal was $25,600. The court observed that emotional distress damages, punitive damages and attorneys' fees in employment discrimination case were often significant.

Specifically, the *Simmons* district court noted: "Although plaintiff's complaint seeks damages for emotional distress, the amount of such damages is unclear. Defendant cites Lane v. Hughes Aircraft Co., JVR No. 801112, an employment discrimination case with a $3,500,000 award for pain and suffering. Admittedly, this

case is not perfectly analogous. Significantly, Lane suffered persistent discrimination over a ten-year period. In contrast, plaintiff worked for ABC for approximately two years. Nonetheless, Lane indicates that emotional distress damages in a successful employment discrimination case may be substantial." *Simmons*, *supra*, 209 F. Supp. 2d at 1034.

In addition, here Plaintiff seeks punitive damages for five causes of action. (See, Complaint ¶¶ 78, 90, 103, 116, 125, 135, and prayer for relief no. 3.) The Court may consider the availability of punitive damages in evaluating the amount in controversy for purposes of removal. *See Anthony v. Security Pac. Fin'l Svs., Inc.* 75 F.3d 311, 315 (7th Cir. 1996) (amount in controversy for diversity purposes may include punitive damages if: (1) they are recoverable as a matter of state law; and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to such recovery).

To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts.  See, e.g., *Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.*, Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept.2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.*, JVR No. 801112 ($40,000,000 punitive damage award).

The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award.

The Complaint also asserts Plaintiff is entitled to attorney's fees, pursuant to the Fair Employment and Housing Act, *Government Code* section 19865(b), and the California *Labor Code*. (Complaint ¶¶ 80, 92, 105, and 118.)  "The Ninth Circuit

clearly considers attorneys' fees when assessing amount in controversy." *Simmons*, *supra*, at 1034.

Based upon the foregoing, the amount in controversy is clearly in excess of $75,000, exclusive of costs and interest, but inclusive of emotional distress damages, attorney's fees, and punitive damages.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant, ABC submits that Plaintiff's California Superior Court action is properly removable to this District Court.

DATED: May 7, 2021                                    ARMIJO & GARCIA



By: _____
      COREY E. KRUEGER
      Attorney for Defendant,
      ABC BUS COMPANIES, INC.

## <u>DECLARATION OF ANNE M. ARCHAMBAULT</u>

I, Anne M. Archambault, declare as follows:

1.      I am the Assistant General Counsel & Assistant Secretary at ABC BUS COMPANIES, INC. ("ABC").  I have personal, first-hand knowledge of the facts and circumstances set forth in this declaration and if called upon as a witness to testify to those facts, I could do so competently.

2.      I have worked at ABC from October 12, 2000 to the present.  As the Assistant General Counsel & Assistant Secretary, my job duties include overseeing and performing ongoing legal needs of the company. I work out of ABC's headquarters at 1506 30th Street NW, Faribault, Minnesota 55021.

3.      As the Assistant General Counsel & Assistant Secretary, I also have access to the personnel files and payroll records of ABC employees.

4.      ABC was incorporated in the State of Minnesota on or about September 10, 1986.  Its headquarters is located at 1506 30th Street NW, Faribault, Minnesota 55021.

5.      ABC employs approximately 310 employees nationwide and 97 of those employees are employed in the State of California.

6.      Plaintiff was hired as a Painter in January 2019 at an hourly rate of $26.00.

7.      In 2020, the last full year of his employment, Plaintiff's gross earnings at ABC amounted to $50,648.49. At the time Plaintiff was separated from ABC, his hourly rate was $26.00.

8.      Dane Cornell is ABC's Chief Executive Officer.  He operates out of ABC's location in Winter Garden, Florida.

///

///

///

///

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

9.     ABC's primary operations and strategic decision-making capabilities originate from its corporate headquarters in Faribault, Minnesota.

I declare under penalty of perjury under the laws of the State of California that, to the best of my knowledge and belief, the foregoing is true and correct.

Executed on May 7, 2021 at Faribault, Minnesota.

_____

Anne M. Archambault

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

## <u>DECLARATION OF COREY E. KRUEGER</u>

I, COREY E. KRUEGER, declare as follows:

1.     I am an attorney at law duly licensed to practice law before all courts of the State of California and am associated with the law offices of ARMIJO & GARCIA, attorneys of record for Defendant ABC BUS COMPANIES, INC ("Defendant") in the above-entitled action.

2.     On April 6, 2021, Plaintiff filed an action in the Superior Court of the State of California in and for the County of Orange entitled, JESUS B. MACIAS, *v.* ABC BUS COMPANIES, INC., *et al.,* Case No. 30-2021001194249. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing of Case Management Conference are attached hereto as Exhibit "A."

3.     On April 9, 2021, Plaintiff served the Complaint on Defendant.  A true and correct copy of the Proof of Service of Summons on Defendant is attached hereto as Exhibit "B."

4.     Defendant filed an Answer in this action in the Superior Court of the State of California in and for the County of Los Angeles, on May 7, 2021. A true and correct copy of the Answer is attached hereto as Exhibit "C."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 Executed on May 7, 2021 at Los Angeles, California.



_____
COREY E. KRUEGER

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b)

Exhibit A

Ricardo Lopez (SBN 315839)
RICARDO LOPEZ LAW P.C.
801 Pine Ave., Unit #204
Long Beach, CA 90813
Tel: (213) 634-7979
Cell: (213) 910-6373
rlopez@ricardolopezlaw.com

Attorney for Plaintiff
Jesus B. Macias

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

Assigned for All Purposes

Judge Glenn Salter

| | |
|---|---|
| JESUS B. MACIAS, an individual, | Case No.: 30-2021-01194249-CU-WT-CJC |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | |
| ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES, a Minnesota corporation; and DOES 1 through 100, inclusive, | 1. **SEXUAL HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| Defendants. | 2. **DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | 3. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | 4. **FAILURE TO PREVENT SEXUAL HARASSMENT, DISCRIMINATION, AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| | 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND** |
| | 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

1

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

1
2
3                                    )          **[DEMAND FOR TRIAL BY JURY]**
4                                    )
5                                    )
6                                    )

7

8      1.      PLAINTIFF JESUS B. MACIAS ("JESUS" or "PLAINTIFF"), an individual, hereby

9   submits this Complaint for Damages against DEFENDANT ABC BUS COMPANIES, INC., WHICH

10  WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES ("ABC"); and DOES 1 through 100,

11  inclusive (collectively, "DEFENDANTS"), and each of them, and alleges as follows:

                                      **JURISDICTION**

12     2.      This Court is the proper Court, and this action is properly filed in Orange County because

13  DEFENDANTS' obligations and liability arise therein, because DEFENDANTS maintain offices and

14  transact business within Orange County, and because the work that is the subject of this action was and

15  is performed by PLAINTIFF in Orange County.

16                                    **THE PARTIES**

17     3.      PLAINTIFF is and at all times relevant hereto was a resident of Los Angeles County,

18  State of California.

19     4.      ABC is and at all time relevant hereto is a Minnesota corporation, existing, doing

20  business and employing individuals in Orange County, State of California.

21     5.      ABC was PLAINTIFF'S employer within the meaning of Government Code §§

22  12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more

23  persons and is therefore subject to the jurisdiction of this Court.

24     6.      The true names and capacities, whether individual, corporate, associate, or otherwise of

25  the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time

26  and therefore said DEFENDANTS are sued by such fictitious names. PLAINTIFF will seek leave to

27  amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same

28

---
2

become known to PLAINTIFF. PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously named DEFENDANTS are responsible for the wrongful acts alleged herein and are therefore liable to PLAINTIFF as alleged hereinafter.

7.      PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

8.      PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. PLAINTIFF is further informed and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

9.      Whenever and wherever reference is made in this Complaint to any act or failure to act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

**ALTER EGO, AGENCY, AND JOINT EMPLOYER**

10.     PLAINTIFF is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between ABC and DOES 1-100 that the individuality and separateness of DEFENDANTS have ceased to exist.

11.     PLAINTIFF is informed and believes, and based thereon alleges that despite the formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as DEFENDANTS, including, but not limited to because:

3

.    a..    DEFENDANTS are completely dominated and controlled by DOES 1-100, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind DEFENDANTS to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.    DOES 1-100 derive actual and significant monetary benefits by and through DEFENDANTS' unlawful conduct, and by using DEFENDANTS as the funding source for their own personal expenditures.

c.    PLAINTIFF is informed and believes that DEFENDANTS and DOES 1-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.    PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of DEFENDANTS and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. DEFENDANTS are, and at all times relevant hereto were, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the alter ego of DOES 1-100.  The recognition of the separate existence of DEFENDANTS would not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations.  The corporate existence of ABC and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

12.    Accordingly, DEFENDANTS constitute the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

13.    As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that ABC and DOES 1-100 are PLAINTIFF'S joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of ABC and DOES 1-100.  Plaintiff performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

4

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

# **FACTUAL ALLEGATIONS**

## **Employment History**

14.     In January 2019, Plaintiff Jesus B. Macias was hired by Defendant ABC Bus Companies, Inc., Which Will Do Busines In California As ABC Bus Sales ("ABC") as a body shop painter. His job duties generally included painting and coating busses.

15.     During the course of his employment, Jesus was a competent, diligent, and hardworking employee.

16.     Jesus was directly and indirectly supervised by Supervisor Raul Chavez ("Raul"), Service & Sales Operations Manager Corey Capps ("Corey"), and Jumbo.

## **Jesus Was Sexually Assaulted and Harassed by Luis Ruelas**

17.     From January 2019 to August 2019, Jesus was sexually harassed—both verbally and physically—by his coworker Luis Ruelas ("Luis"). During the course of this period, Jesus reported Luis's sexual harassment to HR and management on numerous occasions. Despite this, HR and management ignored, dismissed, and disregarded Jesus's complaints and pleas for help.

18.     Even more egregious, numerous individuals from management ridiculed Jesus for complaining of sexual harassment because he was a man.

19.     At first, Luis's harassment was limited to name calling. For instance, on numerous occasions, Luis called Jesus a "puta," which is a derogatory Spanish word for "whore."

20.     Luis also called Jesus a number of offensive terms, such as "motherfucker" and "piece of shit." Moreover, at every opportunity Luis would tell Jesus that he was "worthless" and that he did not know how to do his job.

21.     Jesus initially tried to ignore Luis's harassing behavior, but over time Luis's actions became more severe.

22.     For instance, Luis sexually assaulted Jesus by physically touching Jesus's penis (outside his pants) without consent. Luis would grab Jesus's penis at work even though Luis specifically informed Luis to "please stop" touching him because he felt very uncomfortable and uneasy. Whenever Jesus complained to Luis and asked him to stop, Luis would simply chuckle and dismiss Jesus's numerous requests.

23.     Moreover, whenever Jesus explained to Luis that he had no interest in engaging in some sexual and/or romantic relationship, Luis would tell him: "I don't care if you have a family, let's go to a place together." Indeed, on numerous occasions, Luis insinuated that he and Jesus should engage in sexual acts.

24.     On other occasions, Luis would inappropriately hug Jesus in a sexualized manner. Often times Luis hugged Jesus so tight that he could feel the imprint of Luis's penis on his leg.

25.     Luis would also blow Jesus kisses from afar even though Luis knew that Jesus did not like it. These kisses made Jesus very uncomfortable and created unnecessary stress at work.

26.     Additionally, Luis grabbed and squeezed Jesus's buttocks without consent several times. At no point did Jesus give Luis permission to be touched physically—especially not in a sexual manner.

27.     In March 2019, Luis asked Jesus to go on a date and that he would pay for dinner. He stated that he did not care that Jesus had a wife. Jesus declined Luis's invitation, which made Luis very upset. In response, Luis stated that the was going to physically hurt Jesus.

28.     Rather than stopping his unlawful actions, Luis threatened Jesus and stated: "If you complain to management about what I've done to you, I will wait for you outside your job area and hurt you." At this point, Jesus was very concerned for his safety and decided to speak up.

## **Jesus Made Four (4) Complaints to HR and Management**

29.     Jesus decided to speak up and complain to HR and management given the severity and frequency of Luis's sexual harassment.

30.     On or about May 22, 2019, concerned for his safety and generally frustrated by Luis's inappropriate behavior, Jesus formally complained to management about Luis and his unlawful actions. Management, including Corey, chuckled at Jesus's allegations and failed to adequately address his serious concerns.

31.     Corey asked Jesus to show him proof that he was sexually assaulted and harassed. Luis responded that the areas in the warehouse where he was assaulted and harassed do not have cameras, and thus the specific incidents he was referring to were not likely recorded. Corey simply dismissed Jesus's allegations.

6

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

32.     Following Jesus's first complaint, Luis's sexual harassment only intensified. From grabbing Jesus's penis without consent (outside pants) to blowing kisses in Jesus's direction, Luis continued his assault on Jesus.

33.     Jesus made his second complaint to another supervisor [unknown name] at the time. In response, the manager helped Jesus make a verbal complaint with ABC's corporate office. In fact, Corey and Raul were present when Jesus made a formal complaint to corporate (Florida office).

34.     In addition to making a formal complaint with corporate, the manager helped document Jesus's complaint on paper. More specifically, the manager wrote out Jesus's complaint and told Jesus to keep the complaint for his records. (**Exhibit A to the Complaint**)

35.     Jesus asked Raul to move him to another department to avoid interacting with Luis on a consistent basis. Raul dismissed Jesus's request.

36.     Following his complaint to HR and management, Corey asked Jesus to complete sexual harassment training. (**Exhibit B to the Complaint**)

37.     This was odd because Jesus believed he had done nothing wrong yet was being treated like the harasser. To the contrary, the person that needed to complete the sexual harassment training was Luis and other management personnel.

38.     Despite Jesus's requests, Corey refused to give Jesus an official report or some sort of documentation that ABC had investigated Jesus's allegations of sexual harassment.

39.     Despite making a formal complaint to HR and management, Jesus's complaints continued to be dismissed. For instance, despite his request to be transferred, Raul simply dismissed his pleas for help. At this point, Jesus believed that management—including Raul and Corey—enjoyed the drama that came with Luis sexually harassing Jesus at work.

40.     Indeed, Jesus's claims of sexual harassment and assault were perceived as a joke and a form of entertainment among managerial staff members.

41.     At this point, Luis's severe and pervasive sexual harassment created a hostile work environment for Jesus. For starters, Jesus was uneasy whenever he worked because he feared that Jesus would try to sexually assault him at work or be ridiculed by Luis in some way.

42.     Moreover, many employees knew that Luis sexually harassed Jesus during the day. Accordingly, employees chastised, ridiculed, and discriminated against Jesus because they believed Jesus was a homosexual.

43.     For example, coworkers would constantly laugh at Jesus because they believed he was in some sort of romantic relationship with Luis. Things were so bad that Jesus was unable to eat in the break room in peace without being ridiculed. Accordingly, Jesus started eating his lunch by himself to avoid any conflict.

44.     In fact, Corey became upset at Jesus because he refused the eat lunch in the break room.

45.     Jesus explained to management that he did not like to eat in the break room because he was viewed as a joke and called a "woman" by his colleagues.

46.     Jesus's reputation at work was shaped by his claims of sexual harassment. ABC's failure to address his numerous complaints fostered a toxic and hostile work environment. Indeed, ABC's management condoned sexual assault, harassment, and discrimination by failing to protect Jesus from sexual harasser Luis.

47.     In July 2019, Jesus made his third complaint to management, but once again, his pleas for help were disregarded and not properly addressed.

48.     Luis continued to sexually assault and harass Jesus by grabbing his buttocks and penis. Jesus's sexual assault led him to develop severe stress and anxiety, which was exasperated every time Luis sexually attacked Jesus. At one point, for example, Jesus showed Corey a medical report indicating that Jesus was suffering from high blood pressure due to severe stress and anxiety from work. Corey simply stated: "oh my god."

49.     In August 2019, Jesus made his fourth complaint in eight (8) months to Corey. This time coworkers Andrew and Enrique Chavez ("Enrique") confirmed and corroborated Jesus's complaints.

50.     Jesus asked Corey if he could have a written record of his complaint to demonstrate that he made a formal complaint to management. Instead of giving him a written statement, Corey stated: "It is not necessary to document your formal complaint. I will take care of you, so don't worry about that."

51.     Jesus stated: "This is the last time this can happen. Help me or I will seek professional help."

8

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

52.     In response to his pleas for help, Corey stated: "I don't want you to involve a lawyer, do you understand?" Corey was discouraging Jesus from seeking legal assistance to address his allegations of sexual harassment.

53.     Corey then stated: "Don't worry Jesus, I will take care of you and not fire you, don't worry." In other words, Corey was trying to convince Jesus to forgo any legal action against ABC in exchange for job security.

54.     After eight (8) months of being sexually assaulted and harassed by Luis, ABC finally took action and terminated Luis's employment. Indeed, it took four complaints, including a formal complaint to corporate, to get ABC's management team to finally respond. By that time, however, the damage had been done.

55.     For instance, on or about September 24, 2019, Jesus visited his primary care physician at St. Joseph Heritage Medical Group to address the emotional stress and physical ailments that he was experiencing due to Luis's sexual harassment.

**Jesus was Retaliated for Complaining about Sexual Assault, Harassment, and Discrimination**

56.     For about a month, Corey, Raul, and the rest of management team treated Jesus fairly without any problems. This "honeymoon" phase was short-lived. From about October 2019 to Jesus's termination, management treated Jesus differently and began to retaliate against him because he had complained about sexual harassment in the workplace.

57.     ABC management orchestrated a plan to retaliate against Jesus following his numerous complaints.

58.     For instance, management assigned Jesus job duties outside his normal duties, such as cutting grass and general maintenance (*e.g.* cleaning the facility).

59.     Additionally, supervisors would be highly critical of his paint work even though no other employee received the same type of scrutiny.

60.     Moreover, Jesus was assigned to the most difficult paint jobs as a form of punishment. For example, Jesus was required to paint 45-foot busses by himself, when in fact, that type of job generally required two or more people.

61.     It was clear to Jesus that ABC management was trying to make things difficult for Jesus in order for him to quit or retire.

62.     In fact, Enrique—Raul's brother—stated: "I think they want you [Jesus] to leave, because they [management] don't like that you made complaints."

**ABC Wrongfully Terminated Jesus for Complaining about Sexual Harassment**

63.     In or around January 2021, coworker Andrew informed Jesus that Corey had commented that Jesus could not sue for sexual harassment a year after his complaints, and that Corey intended to terminate Jesus following this one year period. In other words, Corey and the rest of management strategically and intentionally waited a year to terminate Jesus because they believed that Jesus would be barred from bringing a sexual harassment case against ABC.

64.     Following Jesus's conversation with Andrew, Jesus was very concerned that management would terminate his employment in retaliation for his complaints.

65.     After a year of trying to force Jesus to quit his job, ABC management stayed true to their word and terminated Jesus under the false belief that Jesus would no longer be able to sue for sexual harassment.

66.     In February 2021, Jesus was terminated from his employment because there was allegedly no more work for him. Interestingly, ABC hired two other employees with minimal experience to replace Jesus.

67.     On April 6, 2021, Jesus exhausted his administrative remedies by filing timely charges of discrimination, harassment, and retaliation against DEFENDANTS with the California Department of Fair Employment and Housing ("DFEH") and received a notice of his right to sue (DFEH Case No. 202104-13150806) in a California Superior Court pursuant to Cal. Gov't Code Section 12965(b).

**FIRST CAUSE OF ACTION BY PLAINTIFF FOR SEXUAL HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ.* AGAINST ABC AND DOES 1-100, INCLUSIVE**

68.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

69.     At all times relevant to this action, PLAINTIFF was employed by ABC.

10

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

70.     At all times relevant to this action, ABC were employers who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

71.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m).

72.     DEFENDANTS' harassment was sufficiently severe and/or pervasive so as to alter the conditions of PLAINTIFF'S employment and to create a hostile, intimidating, and/or abusive work environment.

73.     PLAINTIFF was subjectively offended by DEFENDANTS' conduct and a reasonable person in PLAINTIFF'S position would have perceived DEFENDANTS' conduct as being offensive, hostile and abusive.

74.     LUIS engaged in harassing conduct and/or knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action, thus making DEFENDANTS liable under the doctrine of *respondeat superior*.

75.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

76.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

77.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

78.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS, including LUIS, acted with malice and

11

oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

79.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents, including LUIS were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

80.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ*, AGAINST ABC AND DOES 1-100, INCLUSIVE

81.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

82.     At all times relevant to this action, PLAINTIFF was employed by ABC.

83.     At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

84.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m).

85.     At all times relevant to this action, DEFENDANTS unlawfully discriminated against PLAINTIFF, as previously alleged.

86.     DEFENDANTS were substantially motivated to terminate PLAINTIFF because of his complaints of sexual harassment.

87.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been

1   diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will

2   seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

3        88.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered

4   general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause,

5   PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

6        89.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period

7   of time in the future, will be required to employ physicians and incur additional medical and incidental

8   expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF

9   will seek leave of Court to amend this Complaint to set forth the exact amount when it has been

10  ascertained.

11       90.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,

12  directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their

13  unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with

14  willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully

15  concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive

16  him of employment benefits.  Accordingly, an award of punitive damages is warranted.

17       91.   PLAINTIFF is informed and believes and thereon alleges that the actions of

18  DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior

19  approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified

20  by it as well by the and through its officers, directors, and/or managing agents.

21       92.   Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of

22  attorneys' fees and costs, including expert fees pursuant to the FEHA.

23  **THIRD CAUSE OF ACTION BY PLAINTIFF FOR RETALIATION IN VIOLATION OF THE**
    **FAIR EMPLOYMENT AND HOUSING ACT AGAINST ABC AND DOES 1-100, INCLUSIVE**
24

25       93.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this

26  Complaint as though fully set forth herein.

27       94.   At all times relevant to this action, PLAINTIFF was employed by ABC.

28

13

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

95.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

96.     At all times relevant to this action, California Government Code § 12900 *et seq*. were in full force and effect and were binding upon DEFENDANTS.   These sections, *inter alia*, required DEFENDANTS to refrain from discriminating and retaliating against any employee on the basis of his gender and sex, and complaining to DEFENDANTS about LUIS'S inappropriate conduct and activities which PLAINTIFF had reasonable cause to believe were in violation of a state and/or federal law, including sexual harassment.

97.     DEFENDANT engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of PLAINTIFF'S employment.

98.     PLAINTIFF'S assertion of his rights under California Government Code § 12900 *et seq*. and opposition to unlawful conduct was a substantial motivating reason for DEFENDANTS' decision to retaliate against PLAINTIFF. DEFENDANTS' conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

99.     DEFENDANTS' retaliatory treatment was substantially motivated by PLAINTIFF'S gender and sex, and complaining to DEFENDANTS' management about unlawful activities undertaken by LUIS, activities which PLAINTIFF had reasonable cause to believe were in violation of a state and/or federal law

100.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.   The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

101.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.   Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

102.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental

14

expenses. The·exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

103.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

104.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

105.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PREVENT SEXUAL HARASSMENT, DISCRIMINATION, AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST ABC AND DOES 1-100, INCLUSIVE

106.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

107.     At all times relevant to this action, PLAINTIFF was employed by ABC.

108.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

109.     California Government Code §§ 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination, retaliation, and sexual harassment from occurring.

110.     DEFENDANTS subjected PLAINTIFF to severe and pervasive retaliation, harassment and discrimination, but DEFENDANTS took no action.

111.     DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent discrimination, retaliation, and sexual harassment from occurring. In addition, DEFENDANTS,

1    and each of them, failed to remedy such discrimination, retaliation, sexual harassment when
2    DEFENDANTS realized and were informed that it was occurring.

3    112.   DEFENDANTS' failure to prevent discrimination, retaliation, and sexual harassment
4    created and encouraged an environment where such discrimination, retaliation, and sexual harassment
5    was condoned, encouraged, tolerated, sanctioned, and/or ratified.

6    113.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer,
7    substantial losses in earnings and other benefits, and will for a period of time in the future be unable to
8    obtain gainful employment, as his ability to obtain such employment and earning capacity have been
9    diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will
10   seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

11   114.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered
12   general damages, as he was psychologically injured. Such injuries have caused, and continue to cause,
13   PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

14   115.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period
15   of time in the future, will be required to employ physicians and incur additional medical and incidental
16   expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF
17   will seek leave of Court to amend this Complaint to set forth the exact amount when it has been
18   ascertained.

19   116.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,
20   directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their
21   unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with
22   willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully
23   concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive
24   him of employment benefits. Accordingly, an award of punitive damages is warranted.

25   117.   PLAINTIFF is informed and believes and thereon alleges that the actions of
26   DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior
27   approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified
28   by it as well by the and through its officers, directors, and/or managing agents.

16

118.    Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION BY PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ABC AND DOES 1-100, INCLUSIVE

119.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

120.    By committing the outrageous and malicious acts and omissions complained of herein, DEFENDANTS knew, or should have known, that this conduct would result in PLAINTIFF'S severe emotional distress.  Moreover, DEFENDANTS' acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

121.    DEFENDANTS have condoned and ratified LUIS'S conduct, as set forth above, by failing to criticize, terminate, suspend, sanction, properly investigate, or otherwise take any action against LUIS.

122.    As a direct and proximate result of DEFENDANTS' actions and omissions, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

123.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, humiliation, and anguish, in an amount more than this Court's minimal jurisdiction.

124.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

17

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

125.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive him of employment benefits.  Accordingly, an award of punitive damages is warranted.

126.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDNATS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

**SIXTH CAUSE OF ACTION BY PLAINTIFFS FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ABC AND DOES 1-100, INCLUSIVE**

127.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

128.   At all times relevant to this action, PLAINTIFF was employed by ABC.

129.   At all times relevant to this action, California Government Code § 12900 *et seq.* was in full force and effect and was binding upon DEFENDANTS. California Government Code § 12900 *et seq.* prohibits DEFENDANTS from discriminating and retaliating against employees.

130.   California Government Code § 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of PLAINTIFF'S termination, and is substantial and fundamental.

131.   DEFENDANTS' wrongful termination of PLAINTIFF'S employment was substantially motivated by PLAINTIFF's complaints of harassment and discrimination, DEFENDANTS' illegal business practices, and opposition to related conduct.

132.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as their ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

133.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffers general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this COURT's minimal jurisdiction.

134.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

135.   PLAINTIFF is informed and believes and thereon allege that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive them of employment benefits.  Accordingly, an award of punitive damages is warranted.

136.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, as follows:

1.   For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress.

2.   For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter.

3.      For punitive damages pursuant to Civil Code §3294 in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future.

4.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor Code, and/or any other basis.

5.      For post-judgment interest.

6.      For penalties as required by law.

DATED:  April 6, 2021               RICARDO LOPEZ LAW P.C.

By:    *Ricardo Lopez*
             Ricardo Lopez, Esq.

             Attorney for Plaintiff
             JESUS B. MACIAS

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which

3    he has a right to jury trial.

4

5    DATED: April 6, 2021                          RICARDO LOPEZ LAW P.C.

6

                                            By:   *Ricardo Lopez*
7                                                 Ricardo Lopez, Esq.

8                                                 Attorney for Plaintiff
9                                                 JESUS B. MACIAS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Jesus B. Macias v. ABC Bus Companies, Inc. et al.*
*Superior Court of California, Orange County*

# EXHIBIT A





**Corey Capps**
Service & Sales Operations Manager

E-mail • ccapps@abc-companies.com
www.abc-companies.com

California
1485 Dale Way
Costa Mesa, CA 92626
800.322.2877 Ext. 60740
Direct 714.444.5812
Cell 714.345.1915
Fax 714.241.8002

ABC Bus Company

To whom it may concern since
I started working at ABC Bus.
there has been one person named
Luis at the body shop who started
bothering me with very offensive
words such as calling me mutha tucker
that I'm a piece of shit worthless
that I dont know my job. I do my
best to keep it civil and handle the
situation calmly but he doesnt stop
the insults.

As of today (May 17-19) things got
out of hand Luis had touch my
private parts which made me feel very
harassed, I did told Luis to stop but
all he does is laugh I do feel threatened
by him and his actions. He has told me
if I mention it to the company he will
wait for me outside our job area and he
will hurt me.

Luis is also always bringing my
work down how it isn't enough for him. I
do respect his opinion but I also know my
job worth As of that day that I completly

got fed up I brought it up upon Rael
to let him know what had happend it
the paint Booth he gave me the courage
and said to report him with Lisa. I
could not handle working with him any
more it my days at ABC company have
been heavy on me friday I didnt make a
report due to the fact on how mad it was
also my daughter graduation, however I do
want this to come to an end before he
keeps his insults or hurting me at work
or outside of the company

# EXHIBIT B

# CERTIFICATE
of Completion

THIS CERTIFICATE IS PROUDLY PRESENTED TO

*Jesus Bailon Macias*

For Successful Completion of
*Preventing Discrimination and Harassment*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Ricardo Lopez (SBN 315839)
Ricardo Lopez Law P.C.
801 Pine Ave., Unit #204
Long Beach, CA 90813

TELEPHONE NO.: (213) 910-6373    FAX NO. *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff Jesus B. Macias

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 8141 13th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Westminster and 92683
BRANCH NAME: West Justice Center

CASE NAME:
Jesus B. Macias v. ABC Bus Companies, Inc., Which Will Do Busines in California as ABC Bus Sales

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2021-01194249-CU-WT-CJC |
| | | JUDGE: Judge Glenn Salter |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Six (6): Sexual Harassment; Discrimination; Retaliation; Wrongful Termination; IIED.
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 6, 2021

Ricardo Lopez, Esq.
_____
(TYPE OR PRINT NAME)

*Ricardo Lopez*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Jesus B. Macias | **Apr 8, 2021** |
| DEFENDANT: ABC Bus Companies, Inc. | Clerk of the Court<br>By: **Hailey McMaster**, Deputy |
| Short Title: MACIAS VS. ABC BUS COMPANIES, INC. | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01194249-CU-WT-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/09/2021</u> at <u>08:30:00 AM</u> in Department <u>C22</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _H. McMaster_____ , Deputy

---

**NOTICE OF HEARING**                                                                                  Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** MACIAS VS. ABC BUS COMPANIES, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
|  | **30-2021-01194249-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/08/2021. Following standard court practice the mailing will occur at Sacramento, California on 04/09/2021.

Clerk of the Court, by: _H. McMaster_ , Deputy

RICARDO LOPEZ LAW P.C.
801 PINE AVE # 204
LONG BEACH, CA 90813

Electronically Filed by Superior Court of California, County of Orange, 04/06/2021 03:19:20 PM.
30-2021-01194249-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-00856-JLS-DFM Document 1 Filed 05/07/21 Page 44 of 56 Page ID #:44

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES, a Minnesota corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* JESUS B. MACIAS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: **WEST JUSTICE CENTER**<br>*(El nombre y dirección de la corte es:)* 8141 13th Street<br>Westminster, CA 92683 | CASE NUMBER: *(Número del Caso):*<br>30-2021-01194249-CU-WT-CJC<br>Judge Glenn Salter |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ricardo Lopez (SBN 315839) ; Ricardo Lopez Law P.C.; 801 Pine Ave., Unit #204; Long Beach, CA 90813; (213) 910-6373

| DATE: 04/06/2021  DAVID H. YAMASAKI, Clerk of the Court | Clerk, by  *H. McMaster* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*   Hailey McMaster

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES, a Minnesota corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

# Exhibit B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ricardo Lopez, 315839<br>Ricardo Lopez Law P.C.<br>801 Pine Ave. #204<br>Long Beach, CA 90813<br>  **TELEPHONE NO.:** 2139106373<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

Superior Court of California, Orange County

8141 13th Street

Westminster, CA 92683-4593

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: JESUS B. MACIAS, an individual | 30-2021-01194249-CU-WT-CJC |
| DEFENDANT/RESPONDENT: ABC BUS COMPANIES, INC., et al | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

   Complaint, Civil Case Cover Sheet, Summons (Case Initiating Document), Notice of Hearing OC

3. a. Party served: ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES,
      a Minnesota corporation

   b. Person Served: Legalinc Registered Agents - James Wheeler - Person Authorized to Accept Service of Process

4. Address where the party was served: 4 Embarcadero Center, 1400 #85
      San Francisco, CA 94111
5. I served the party
   a. **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 04/09/2021          (2) at  (time): 8:41AM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   ABC BUS COMPANIES, INC., WHICH WILL DO BUSINES IN CALIFORNIA AS ABC BUS SALES, a Minnesota corporation

   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:      Edatil P. Carmona
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 130.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 521
         (iii) County:  San Mateo
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  04/14/2021

Edatil P. Carmona                                              *(signature)*
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16116998

# Exhibit C

1  COREY E. KRUEGER, State Bar No. 244989
   ARMIJO & GARCIA
2  555 S. Flower Street, Suite 600
   Los Angeles, California 90071
3  Telephone: (213) 612-5335
   Facsimile:  (213) 612-5712
4  corey.krueger@armijogarcialaw.com

5  Attorneys for Defendant ABC Bus Companies, Inc.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF ORANGE

10

11

12
   JESUS B. MACIAS, an individual,              Case No. 30-2021-01194249-CU-WT-CJC
13
                     Plaintiff(s)
14                                              **ANSWER TO COMPLAINT; DEMAND
                                                FOR JURY TRIAL**
15         v.

   ABC BUS COMPANIES, INC., WHICH
16 WILL DO BUSINES IN CALIFORNIA AS
   ABC BUS SALES, a Minnesota corporation;
17 and DOES 1 through 100, inclusive,

18                   Defendant(s)

19
            COMES NOW Defendant ABC BUS COMPANIES, INC. and answering Plaintiff's
20
   Complaint on file herein, admits, denies and alleges as follows:
21
            Under the provisions of section 431.30(d) of the Code of Civil Procedure, Defendant, ABC
22
   BUS COMPANIES, INC. denies both generally and specifically each, every, and all of the
23
   allegations contained in said Complaint, and the whole thereof, including each and every
24
   purported cause of action contained therein, and denies that the Plaintiff sustained or will sustain
25
   damages in the sum or sums alleged, or in any other sum or sums, at all.
26
   ///
27

28

Further answering the Complaint, Defendant, ABC BUS COMPANIES, INC. denies that the Plaintiff sustained any injury, damage or loss by reason of any act of omission or breach of warranty, either express or implied, on the part of Defendant, ABC BUS COMPANIES, INC. or any agent, servant, or employee of Defendant, ABC BUS COMPANIES, INC.

**First Affirmative Defense**

*Failure to State a Claim*

1.      As a separate and independent affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted as to the causes of action alleged in the Complaint. Plaintiff was not terminated based on any improper motive but, rather, for legitimate non-discriminatory reasons.

**Second Affirmative Defense**

*Failure to Exhaust Administrative Remedies*

2.      As a separate and independent affirmative defense, Defendant alleges that to the extent that Plaintiff has failed to satisfy statutory prerequisites to suit or failed to exhaust his administrative remedies, the causes of action alleged in the Complaint are barred. Defendant generally denies that plaintiff has filed an administrative charge within one year of the alleged adverse action (Gov. Code §§ 12960, subd. (d), 12965, subd. (b)) or within 300 days of the alleged adverse action. (42 U.S. Code § 2000e– subd. 5(e)(1).)

**Third Affirmative Defense**

*Causation*

3.      As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiff has suffered the damages alleged in his Complaint, such damages were not caused by Defendant, but by the acts or omissions of Plaintiff himself or others.

///

///

1
2

### Fourth Affirmative Defense

*Privilege*

3   4.     As a separate and independent affirmative defense, Defendant alleges that the actions

4   alleged in the Complaint were at all times reasonable, privileged and justified.

5

### Fifth Affirmative Defense

*Laches/Waiver/Estoppel/Unclean Hands*

8   5.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff's

9   claims are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

10

### Sixth Affirmative Defense

*Managerial Privilege*

13   6.     As a separate and independent affirmative defense, Defendant alleges that the

14   Complaint, and each cause of action contained therein, is barred because Defendant's conduct was

15   a just and proper exercise of management discretion, undertaken for fair and legitimate reasons, and

16   regulated by good faith under the circumstances then existing.

17

### Seventh Affirmative Defense

*Employer's Legal Rights*

20   7.     As a separate and independent affirmative defense Defendant alleges that the

21   Complaint, and each cause of action contained therein, is barred because Defendant, in good faith,

22   acted under a legal right and did no more than insist upon using these rights in a permissible way.

23

### Eighth Affirmative Defense

*Business Judgment Rule*

26   8.     As a separate and independent affirmative defense, Defendant alleges that the

27   Complaint, and each cause of action contained therein, is barred because Defendant acted in

28   accordance with reasonable and sound business judgment.

1

2                              **Ninth Affirmative Defense**

3                                      *Consent*

4          9.      As a separate and independent affirmative defense, Defendant alleges that Plaintiff's

5   causes of action are barred in their entirety to the extent that he consented to the actions of which he

6   complains.

7

8                              **Tenth Affirmative Defense**

9                              *Failure to Mitigate Damages*

10         10.     As a separate and independent affirmative defense, Defendant is informed and

11  believes, and on that ground alleges, that Plaintiff has had and continues to have the ability and

12  opportunity to mitigate the damages alleged in his Complaint and has failed to act reasonably to

13  mitigate such damages.

14

15                             **Eleventh Affirmative Defense**

16                             *Lack of Proximate Cause*

17         11.     As a separate and independent affirmative defense, Defendant alleges that the

18  Complaint, and each cause of action contained therein, is barred because the damages or injuries

19  allegedly sustained by Plaintiff, if any, were not proximately caused by the acts, omissions, and/or

20  breach of obligations of Defendant, thereby eliminating or reducing any alleged liability.

21

22                             **Twelfth Affirmative Defense**

23                             *No Attorney's Fees*

24         12.     As a separate and independent affirmative defense, Defendant allege that Plaintiff is

25  barred from recovering attorney's fees and costs, because his Complaint fails to state causes of

26  action and supporting facts that would enable Plaintiff to recover attorneys' fees and costs under the

27  Fair Employment and Housing Act, the Labor Code, or Business & Professions Code. Plaintiff was

28  not terminated based on any improper motive but, rather, for legitimate non-discriminatory reasons.

### Thirteenth Affirmative Defense

#### *No Punitive Damages*

13.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Plaintiff has failed to state facts sufficient to support an award of punitive damages against Defendant.

### Fourteenth Affirmative Defense

#### *Legitimate Non-Discriminatory Reasons for Employment Decision*

14.     As a separate and independent affirmative defense, Defendant alleges that the purported disparity in treatment of Plaintiff was not based on discrimination or retaliation but was based on one or more legitimate, nondiscriminatory reasons.

### Fifteenth Affirmative Defense

#### *Plaintiff not subject to unlawful conduct*

15.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant did not subject Plaintiff to discrimination or retaliatory conduct.

### Sixteenth Affirmative Defense

#### *Statutes of Limitation – DFEH*

16.     As a separate and independent affirmative defense, Defendant alleges that to the extent Complaint's cause of action is based upon the California Fair Employment and Housing Act, specifically the causes of action alleged in the Complaint are barred by Plaintiff's failure to timely exhaust his administrative remedies, in whole or in part, pursuant to California Government Code § 12900 *et seq.*, to the extent such claims are based upon events, incidents, acts, or omissions that occurred more than one year prior to Plaintiff's filing any charge with the Department of Fair Employment and Housing ("DFEH"). California *Government Code* § 12965. Defendant generally

1  denies that plaintiff has filed an administrative charge within one year of the alleged adverse action.

2  Gov. Code §§ 12960, subd. (d), 12965, subd. (b).

3

4  **Seventeenth Affirmative Defense**

5  *Statutes of Limitation –EEOC*

6  17.   As a separate and independent affirmative defense, Defendant alleges that to the

7  extent Complaint's cause of action is based upon the Civil Rights Act of 1964, specifically the

8  causes of action alleged in the Complaint are barred by Plaintiff's failure to timely exhaust his

9  administrative remedies, in whole or in part, pursuant to 42 U.S.C. § 2000e *et seq.*, to the extent

10  such claims are based upon events, incidents, acts, or omissions that occurred more than 300 days

11  prior to Plaintiff's filing any charge with the Department of Fair Employment and Housing

12  ("DFEH"). (42 U.S. Code § 2000e– subd. 5(e)(1).) Defendant generally denies that plaintiff has

13  filed an administrative charge within 300 days of the alleged adverse action. (42 U.S. Code § 2000e–

14  subd. 5(e)(1).)

15

16  **Eighteenth Affirmative Defense**

17  *Same Decision*

18  18.   Neutral motivating factors caused the decision to separate plaintiff from employment

19  with Defendant. Irrespective of plaintiff's disability, or any claims of retaliation or discrimination,

20  neutral motivating factors would have led Defendant to the same outcome.

21

22  **Nineteenth Affirmative Defense**

23  *Mixed Motive*

24  19.   As a separate and independent affirmative defense, Defendant alleges that if it is

25  found that its actions were motivated by both discriminatory and non-discriminatory reasons, the

26  non-discriminatory reasons alone would have induced it to make the same decision.

27  ///

28

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1

**Twentieth Affirmative Defense**

2

*Arbitration Agreement*

3

20.    The court lacks jurisdiction due to the presence of a mandatory, binding arbitration

4

clause applicable to the claims asserted in Plaintiff's Complaint.

5

WHEREFORE, this answering Defendant prays that Plaintiff takes take nothing, and that

6

this answering Defendant be dismissed hence with costs of suit incurred herein, and for such other

7

further relief as the Court deems fit and proper.

8

9

DATED: May 7, 2021                           ARMIJO & GARCIA

10

11

12

By: _____

13

COREY E. KRUEGER
Attorney for Defendant,

14

ABC BUS COMPANIES, INC.

15

**<u>DEMAND FOR JURY TRIAL</u>**

16

Defendant, ABC BUS COMPANIES, INC., hereby demands a trial by jury.

17

18

DATED: May 7, 2021                           ARMIJO & GARCIA

19

20

21

22

By: _____

23

COREY E. KRUEGER
Attorney for Defendant,

24

ABC BUS COMPANIES, INC.

25

26

27

28

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE BY E-MAIL AND U.S. MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. Sections 1013 and 1013a

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of Los Angeles, California, in which County the within e-mailing took place; and I am not a party to the subject case.  My business address is 555 S. Flower Street, Suite 600, Los Angeles, California 90071.

On May 7, 2021, I served the within documents described as follows:

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the parties in this action addressed as follows:

Ricardo L.opez                                  Attorney for Plaintiff
RICARDO LOPEZ LAW P.C.          Jesus B. Macias
801 Pine Ave., Unit #204
Long Beach, CA 90813
Tel: (213) 634-7979
Cell: (213) 910-6373
rlopez@ricardolopezlaw.com


[ X ]   **(BY U.S. MAIL)**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and

[ X ]    Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

[ X ] **ONLY BY ELECTRONIC TRANSMISSION**.  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above.  During the Coronavirus (Covid-19) pandemic, all counsel and staff will be working remotely, not able to send physical mail as usual, and are therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this day May 7, 2021, at Los Angeles, California.

_____
Diana Larenas

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

# FEDERAL COURT PROOF OF SERVICE

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of Los Angeles, California, in which County the within mailing took place; and I am not a party to the subject case. My business address is 555 S. Flower Street, Suite 600, Los Angeles, California 90071.

On May 7, 2021, I served the following document(s): **DEFENDANT ABC BUS COMPANIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF ANNE M. ARCHAMBAULT AND COREY E. KRUEGER** on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ricardo Lopez                      *ATTORNEY FOR PLAINTIFF*
RICARDO LOPEZ LAW P.C.
801 Pine Avenue, Unit #204
Long Beach, CA 90813
rlopez@ricardolopezlaw.com

The documents were served by the following means:

[ X ]   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and
  [ X ]   Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

[ X ]   **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing the persons listed above.

[ X ]   **BY ELECTRONIC TRANSMISSION**.  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above.  During the Coronavirus (Covid-19) pandemic, all counsel and staff will be working remotely, not able to send physical mail as usual, and are therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this day May 7, 2021, at Los Angeles, California.

_____
Diana Larenas

13